GEORGE W. GAUNT v. STATE.

On trial of an indictment for fornication, the female, with whom the
offence was alleged to have been committed, swore, on direct exami-
nation as a witness for the state, that she had sexual intercourse with
the defendant less than six months before the birth of her child, and
had never had sexual intercourse with any person prior thereto. On
cross-examination the defendant, insisting that the child was mature
at its birth, asked the witness a question concerning her whereabouts
nine months before that event, with the view of proving facts which
might tend to show conception at that time. This question was over-
ruled. *Held*, error, for which the conviction of the defendant should
be reversed.

On error to the Supreme Court.    For opinion of Supreme
Court, see 21 *Vroom* 490.

For the plaintiff in error, *Howard Carrow*.

For the state, *W. H. Jenkins, Prosecutor of the Pleas.*

The opinion of the court was delivered by

DIXON, J.    This writ of error brings up the conviction of
the defendant, George W. Gaunt, upon an indictment for for-
nication, tried before the Quarter Sessions of Camden county.
The conviction was affirmed in the Supreme Court, where
only two points were considered: one, Whether the female,
with whom the fornication was charged, was shown to have
been unmarried at the time; the other, the action of the trial
court with regard to the alleged resemblance between the de-
fendant and the child begotten of the illicit intercourse.    In
the decision of these points we find no error.

But there is another point, concerning the rejection of evi-
dence by the Sessions, upon which error was assigned in the
Supreme Court, and also in this court, because of which the
judgment below should be reversed.

The woman, with whom the defendant was said to have

committed the offence, was called as a witness for the state at the trial, and testified, on direct examination, that she had had sexual intercourse with the defendant on June 16th, 1886, and again in July, 1886, and not at any other time, and never with any other person; and that, in consequence of this inter-course, she gave birth to a child on December 13th, 1886. In cross-examination, the defendant's counsel asked her, " Did you go to a party in the city of Philadelphia about on the night of either the 8th or 10th of March, 1886 ?" and on objection by the district attorney the question was overruled. To this decision the defendant prayed exception, which was accordingly sealed, and thereupon error was duly assigned as before stated.

The legality of the question is obvious. The birth of a child on December 13th was an admitted fact, and this estab-lished some one's guilt of fornication. The state contended that this birth was to be accounted for by the act of the de-fendant perpetrated on June 16th, and in no other way, even though this necessitated the belief that a viable child had been born after less than six months' gestation. The defendant contended that so unusual an event had not taken place; that the child was mature at delivery; that its birth was to be accounted for by intercourse between the witness and some person other than himself about the time mentioned in the question, and that therefore the birth of the child afforded no corroboration of the charge made against him. Consequently the inquiry whether such intercourse had occurred was very important to the investigation pending before the court. The witness having, on direct examination, denied such intercourse, the defendant had the legal right, on cross-examination, to prove facts tending to show that her denial was false. The question propounded was evidently designed to lead up to such proof, and by overruling it the court stopped the defend-ant at the threshold, and precluded him from an inquiry which might have gone far to establish his innocence.

Let the judgments below be reversed, and the record of the Quarter Sessions be remitted to that court for a new trial.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, KNAPP, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR, SMITH,. WHITAKER.   10.